UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TODD M. FINN,

        Plaintiff,                    Case No. 2:25-cv-62

v.                                         Honorable Jane M. Beckering

UNKNOWN O'BRIEN,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim and because Defendant O'Brien is entitled to absolute judicial immunity.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues Administrative Law Judge Unknown O'Brien in her individual and official capacity. (Compl. ECF No. 1, PageID.1.)

Plaintiff alleges that, on November 5, 2024, Plaintiff was issued a class I misconduct ticket and placed in "confinement." (*Id.*, PageID.3.) Plaintiff received a hearing before Defendant O'Brien on November 18, 2024. (*Id.*) At that time, Defendant O'Brien found Plaintiff guilty. (*Id.*) Plaintiff was later approved for a re-hearing "through legal affair[s] and by the Warden." (*Id.*)

Plaintiff alleges that Defendant O'Brien violated Plaintiff's right to procedural due process because MDOC policy and Michigan law require that Plaintiff be granted a hearing within 7 business days. (*Id.*) He claims that Defendant O'Brien's failure to hold a timely hearing deprived him of "basic recreation" and contact with his family, causing "severe anxiety." (*Id.*) Plaintiff seeks monetary relief and for the misconduct conviction to be stricken from Plaintiff's record. (*Id.*, PageID.4.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Official Capacity Claims

Plaintiff brings claims against Defendant O'Brien in her official and individual capacities. (ECF No. 1, PageID.1.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits

in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66); *Harrison*, 722 F.3d at 771.

Here, Plaintiff seeks monetary damages. However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g., Lapides*, 535 U.S. at 617. Therefore, Plaintiff may not seek monetary damages against Defendant O'Brien in her official capacity, and he fails to state a claim against Defendant O'Brien in her official capacity upon which relief can be granted.

Plaintiff also seeks injunctive relief, asking that the Court order that Plaintiff's November 18, 2024, misconduct conviction "be stricken from [Plaintiff's] record for the month that [Plaintiff] was confined unjustly . . ." (ECF No. 1, PageID.4.) Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive or declaratory relief constitutes an exception to sovereign immunity. *See Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex Parte Young* for prospective injunctive relief should not be treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.* Accordingly, the Court will address Plaintiff's claim for injunctive relief below.

### B. Fourteenth Amendment Individual Capacity Claim and Claim for Injunctive Relief

Plaintiff alleges that Defendant O'Brien violated Plaintiff's Fourteenth Amendment right to procedural due process when she failed to conduct the hearing on Plaintiff's misconduct ticket in a timely manner. (ECF No. 1, PageID.3.) He seeks both monetary and injunctive relief.

#### 1. Judicial Immunity

As to Plaintiff's claim for monetary relief, Plaintiff specifically states that Defendant O'Brien was acting within her capacity as an administrative law judge at the time of her actions. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). As such, she is entitled to absolute judicial immunity for any suit under § 1983. *Id*. (holding that prison hearing officers act in the nature of administrative law judges and are protected from liability for damages under the doctrine of absolute judicial immunity); *see also Powell v. Washington*, 720 F. App'x 222, 226 (6th Cir. 2017); *Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007); *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007); *cf. Pierson v. Ray*, 386 U.S. 547, 554–55 (1967) (judicial immunity applies to actions under § 1983 to recover for alleged deprivations of civil rights). Accordingly, the Court will dismiss Plaintiff's complaint for damages against Defendant O'Brien in her individual capacity on the basis of judicial immunity.

#### 2. Failure to State a Claim

Regardless of the existence of judicial immunity, as to both claims for monetary and injunctive relief, Plaintiff cannot state a claim for violation of his right to due process. To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by government action. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215,

225 (1976). A prisoner's ability to challenge a prison misconduct conviction therefore depends on whether the conviction implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. at 484, 487.

The Sixth Circuit has routinely held that misconduct convictions that do not result in the loss of good time are not atypical and significant deprivations and therefore do not implicate due process. *See, e.g.*, *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004), *overruled on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003); *Green v. Waldren*, No. 99-1561, 2000 WL 876765, at *2 (6th Cir. June 23, 2000); *Staffney v. Allen*, No. 98-1880, 1999 WL 617967, at *2 (6th Cir. Aug. 12, 1999). Here, Plaintiff does not allege that his conviction for class I misconduct resulted in the loss of good time credits, nor could he.

Plaintiff is serving sentences imposed in 2019 for crimes committed in 2018. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=848171 (last accessed April 23, 2025). A prisoner like Plaintiff, who is serving indeterminate sentences for offenses committed after 2000, can accumulate "disciplinary time" for a major misconduct conviction. *See* Mich. Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid in its [parole] determination." *Taylor v. Lantagne*, 418 F.

6

App'x 408, 412 (6th Cir. 2011). Therefore, no misconduct conviction could have impacted the duration of Plaintiff's sentence.

As to the second category, Plaintiff has not alleged that he suffered a "significant and atypical deprivation." Plaintiff alleges that he spent one month "confined unjustly" because of the class I misconduct conviction that Plaintiff seeks to overturn. (ECF No. 1, PageID.4.) In *Sandin*, the Supreme Court concluded that disciplinary segregation for 30 days did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Therefore, in accordance with *Sandin*, Plaintiff fails to state any due process claim concerning his class I misconduct conviction.

Plaintiff also alleges that, because of his confinement to administrative segregation, he was not allowed "basic recreation" and contact with his family. (ECF No. 1, PageID.3.) If confinement in segregation does not implicate a protected liberty interest, it follows that the lesser loss of privileges that would stem from that confinement would not implicate such an interest. *Cf. Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) (concluding that a permanent, but reviewable, loss of visitation privileges did not "rise[] to the level of egregious conduct necessary to implicate the implicit guarantees of the Due Process Clause" (citing *Overton v. Bazzetta*, 539 U.S. 126, 134 (2003))); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that prisoners have no constitutional right to rehabilitation, education, or jobs).

Therefore, for the foregoing reasons, Plaintiff's due process claim related to his misconduct conviction is properly dismissed for failure to state a claim.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v.*

*Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

    This is a dismissal as described by 28 U.S.C. § 1915(g).

    A Judgment consistent with this Opinion will be entered.


Dated:     May 20, 2025                    /s/ Jane M. Beckering
                                                           Jane M. Beckering
                                                           United States District Judge